LCW

FILED
MARCH 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1458

JUDGE KENDALL
MAGISTRATE JUDGE ASHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE MILLER, | ) | |
| | ) | No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| OFFICER JOHN S. VOSS, #17664, | ) | |
| OFFICER E.A. LEWIS, #11773 | ) | |
| AND THE CITY OF CHICAGO, | ) | |
| A MUNICIPAL CORPORATION | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Eugene Miller is an African-American male, a citizen of the United States, and a resident of Chicago, Illinois.

3. Defendant Officers Voss and Lewis are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Voss and Lewis are being sued individually.

4. The City of Chicago, is a municipal corporation within the State of Illinois,

and was all times material to this Complaint, the employer of Defendant Police Officers Voss and Lewis.

**FACTS**

5. In May 2006, Plaintiff Eugene Miller was a professional livery driver. On May 17, 2006, Mr. Miller was driving an Alamo rental car, while his business vehicle was being repaired.

6. While on duty, Mr. Miller was dispatched to an address on the 7600 block of South Kingston in Chicago, IL to take a customer to the 2600 block of South State Street and then return the passenger to his pick up address.

7. Mr. Miller dropped off his customer on the east side of State Street and then waited for him to return. Approximately 10 minutes later, the customer returned and got into Mr. Miller's vehicle. .

8. Next, Mr. Miller proceeded to drive off when two police cars without cause blocked his vehicle and approached him with their guns drawn.

9. The Defendant Officers demanded that he get out of his vehicle and Mr. Miller and his passenger complied, immediately.

10. Then a sergeant arrived on the scene, and told Mr. Miller that his vehicle was involved in an armed robbery and that he had observed earlier, 4 individuals exit his vehicle. Mr. Miller explained that he and his passenger were the only occupants of his vehicle.

11. Next, Defendant Officers handcuffed and arrested Mr. Miller and confiscated the money he had earned from his fares (two hundred and fifty dollars), his

radio/dispatch equipment and other livery driver equipment, and his high blood pressure and cholesterol medications.

12. The sergeant then told Mr. Miller that he was being arrested for possession of controlled substance. Mr. Miller's customer was released from the scene and not charged.

13. Mr. Miller was falsely charged with possession of heroin and spent 21 days in the Cook County Jail.

14. The Defendant Officers made out false and incomplete official reports and gave a false and incomplete version of the events to their superiors to cover up their own misconduct.

15. On June 7, 2006, Mr. Miller appeared in court and the charges were dismissed against him.

16. As a direct and proximate result of Defendant Officers' actions, as detailed above, Plaintiff Miller has suffered and continues to suffer, severe mental distress, humiliation, loss of liberty, loss of income and other financial losses.

## COUNT I

### (42 U.S.C. SECTION 1983-FALSE ARREST)

17. Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 16 as fully set forth herein.

18. The above acts of the Defendant Officer Voss and Lewis were willfully and wantonly done without probable cause and was a direct and proximate cause of

Mr. Miller's pain, suffering and mental anguish, and therefore violated the Plaintiffs Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff Eugene Miller, demands compensatory damages against Defendant Officers Voss and Lewis and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

### (MALICIOUS PROSECUTION-DUE PROCESS CLAUSE)

19. Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 16 as though fully set forth herein.

20. The above prosecution was initiated by the Defendants to harass the Plaintiff.

21. The Defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecutor.

22. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the 14th Amendment Due Process Clause.

23. The unjustifiable prosecution of the Plaintiff Eugene Miller was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff Eugene Miller seeks actual or compensatory damages against Defendant Officers Gaffney and Byrnes individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against each defendant officer.

### COUNT III

**(Respondent Superior Under Illinois Law Against the City of Chicago)**

24. Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 16 as though fully set forth herein.

The aforesaid acts of Defendant Officers Voss and Lewis were done within the scope of their employment as Chicago Police Officers, were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiff Eugene Miller, demands judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

The Law Office of Standish E. Willis

By: s/Teniece Harris
Attorney for Plaintiff

The Law Office of Standish E. Willis
407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005