IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1458 |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICERS JOHN S. VOSS, #176640, | ) | Judge Kendall |
| OFFICERS E. A. LEWIS, #111773, | ) | |
| AND THE CITY OF CHICAGO, | ) | Magistrate Judge Ashman |
| A MUNICIPAL CORPORATION | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, City of Chicago, Chicago Police Officers John Voss and Elizabeth Lewis (referred to herein as Defendants), by their attorney, Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, file this answer, defenses and jury demand to Plaintiff's complaint:

**JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323 (3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**ANSWER:**   **Defendants admit the Court has jurisdiction to hear and try this matter, but deny that plaintiff states viable claims against Defendants.**

2.      Plaintiff, Eugene Miller is an African-American male, a citizen of the United States, and a resident of Chicago, Illinois.

**ANSWER:**   **Defendant Police Officers admit that Plaintiff is an African-American male; based on information and belief, defendants further admit Plaintiff is a**

1

citizen of the United States and a resident of Chicago, Illinois. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendant Officers Voss and Lewis are police officers employed by the City of Chicago, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Voss and Lewis are being sued individually

ANSWER: Defendants admit that at all relevant times during Defendant Police Officers' encounter with plaintiff on February 6, 2007, Defendants Voss and Lewis were employed as police officers by the City of Chicago, acting within the scope of their employment and under color of law. Defendant Police Officers further admit Plaintiff has sued them individually, but deny any liability.

4. The City of Chicago, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers Voss and Lewis.
ANSWER: Defendants admit the allegations contained in the above paragraph.

FACTS

5. In May 2006, Plaintiff Eugene Miller was a professional livery driver. On May 17, 2006, Mr. Miller was driving an Alamo rental car, while his business vehicle was being repaired.

ANSWER: Defendant Police Officers admit plaintiff was driving a rental car on May 17, 2006. Defendant Police Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

6. While on duty, Mr. Miller was dispatched to an address on the 7600 block of

South Kingston in Chicago, IL to take a customer to the 2600 block of South State Street and then return the passenger to his pick up address.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.**

7.    Mr. Miller dropped off his customer on the east side of State Street and then waited for him to return.  Approximately 10 minutes later, the customer returned and got into Mr. Miller's vehicle.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.**

8.    Next, Mr. Miller proceeded to drive off when two police cars without cause blocked his vehicle and approached him with their guns drawn.

**ANSWER:    Defendant Police Officers admit that they approached plaintiff's vehicle with their guns drawn.  Defendant Police Officers deny the remaining allegations contained in paragraph 8.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.**

9.    The Defendant Officers demanded that he get out of his vehicle and Mr. Miller and his passenger complied, immediately.

**ANSWER:    Defendant Police Officers admit the allegations contained in paragraph 9.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.**

10.    Then a sergeant arrived on the scene, and told Mr. Miller that his vehicle was involved in an armed robbery and that he had observed earlier, 4 individuals exit his vehicle. Mr. Miller explained that he and his passenger were the only occupants of his vehicle.

**ANSWER:    Defendant Police Officers admit that a sergeant arrived on scene and told plaintiff that he had seen plaintiff's vehicle earlier.  Defendant Police Officers are**

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Next, Defendant Officers handcuffed and arrested Mr. Miller and confiscated the money he had earned from his fares (two hundred and fifty dollars), his radio/dispatch equipment and other livery driver equipment, and his high blood pressure and cholesterol medications.

**ANSWER: Defendant Police Officers admit plaintiff was handcuffed and arrested. Defendant Police Officers deny the remaining allegations contained in paragraph 11. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.**

12. The sergeant then told Mr. Miller that he was being arrested for possession of controlled substance. Mr. Miller's customer was released from the scene and not charged.

**ANSWER: Defendant Police Officers admit the allegations contained in paragraph 12. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.**

13. Mr. Miller was falsely charged with possession of heroin and spent 21 days in the Cook County Jail.

**ANSWER: Defendant Police Officers admit plaintiff was charged with possession of a controlled substance. Defendant Police Officers deny the allegation that plaintiff was falsely charged. Defendant Police Officers are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 13. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.**

4

14. The Defendant Officers made out false and incomplete official reports and gave a false and incomplete version of the events to their superiors to cover up their own misconduct.

**ANSWER:** **Defendant Police Officers deny the allegations contained in paragraph 14. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.**

15. On June 7, 2006, Mr. Miller appeared in court and the charges were dismissed against him.

**ANSWER:** **Upon information and belief, Defendant Police Officers admit the allegations contained in paragraph 15. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.**

16. As a direct and proximate result of Defendant Officers' actions, as detailed above, Plaintiff Miller has suffered and continues to suffer, severe mental distress, humiliation, loss of liberty, loss of income and other financial losses.

**ANSWER:** **Defendant Police Officers deny the allegations contained in paragraph 16. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.**

### COUNT I
### (42 U.S.C SECTION 1983-FALSE ARREST)

Defendant City is not a party-Defendant in Count I and therefore does not answer the allegations in that count.

17. Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 16 as fully set forth herein.

**ANSWER:** **Defendant Police Officers reassert their answers to paragraphs 1 through 16 as though fully set-forth herein.**

18.     The above acts of me Defendant Officers Voss and Lewis were willfully and wantonly done without probable cause and was a direct and proximate cause of Mr. Miller's pain, suffering and mental anguish, and therefore violated the Plaintiffs Forth Amendment right to be free from unreasonable arrest, search and seizure.

**ANSWER:     Defendant Police Officers deny the allegations contained in paragraph 18.**

## COUNT II
## (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

**Defendant City is not a party-Defendant in Count II and therefore does not answer the allegations in that count.**

19.     Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 16 as though fully set forth herein.

**ANSWER:     Defendant Police Officers reassert their answers to paragraphs 1 through 16 as though fully set-forth herein.**

20.     The above prosecution was initiated by the Defendants to harass the Plaintiff.

**ANSWER:     Defendant Police Officers deny the allegations contained in paragraph 20.**

21.     The Defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecutor.

**ANSWER:     Upon information and belief, Defendant Police Officers admit that they signed complaints against plaintiff.  Defendant Police Officers deny the remaining allegations contained in paragraph 21.**

22.     The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the 14th Amendment Due Process Clause.

**ANSWER:     Upon information and belief, Defendant Police Officers admit the criminal case against plaintiff was dismissed.  Defendant Police Officers deny the**

remaining allegations contained in paragraph 22.

23.    The unjustifiable prosecution of the Plaintiff Eugene Miller was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**ANSWER:    Defendant Police Officers deny the allegations contained in paragraph 23.**

## COUNT III
### (Respondent Superior under Illinois Law Against Defendant City of Chicago)

24.    Plaintiff Eugene Miller alleges and realleges paragraphs 1 through 16 as though fully set forth herein.

**ANSWER:    Defendants reassert their answers to paragraphs 1 through 16 as though fully set-forth herein.**

The aforesaid act of Defendant Officers Voss and Lewis were done within the scope of their employment as Chicago Police Officers, were willful and wanton, and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**ANSWER:    Defendant City admits that Defendant Officers acted within the scope of their employment as Chicago Police Officers at all time relevant to plaintiff's complaint. Defendant City denies that plaintiff has accurately, correctly or completely stated the nature of Defendant City's respondeat superior liability under Illinois law, if any. Defendant City is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph. Defendant Police Officers make no answer to the allegations contained in this paragraph as they are directed against Defendant City of Chicago.**

WHEREFORE, Defendants pray that this Court enter judgment in their favor on

**Plaintiff's Complaint, award Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just and proper.**

## AFFIRMATIVE DEFENSES

1. Defendants were and are government officials (police officers) who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants would have believed his actions to be lawful in light of clearly established law and the information the Defendants possessed. Therefore, they are entitled to qualified immunity.

2. Probable cause is an absolute defense to a Section 1983 false arrest claim and a state law claim of malicious prosecution.

3. Under Illinois tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

4. Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2006).

5. As to all state law counts, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to detain, question and arrest Plaintiff, based upon the information and circumstances known to Defendants at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2006).

6.  Defendants had probable cause to arrest Plaintiff, and there was no motivation of malice by the Defendants. See Joiner v. Benton Community Bank, 82 Ill. 2d 40, 45 (1980); Johnson v. Target Stores, Inc. 341 Ill. App. 3d 56, 72 (1st Dist. 2003) (*quoting* Turner v. City of Chicago, 91 Ill. App. 3d 931, 934 (1st Dist. 1980)); Stephens v. Taylor, 331 Ill. App. 3d 508, 512 (3rd Dist. 2002).

7.  Under the Illinois tort immunity law, Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

8.  Where Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of the principles of comparative fault, in proportion to the amount of the intentional, willful and wanton and negligent conduct of Plaintiff, which was the proximate cause of his injuries and damages.

9.  At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars their recovery entirely when plaintiffs are more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

10. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

11. The City is not liable to plaintiff if its employees or agents are not liable to plaintiffs. 745 ILCS 10/2-109 (2006).

12. The City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (2006).

13 To the extent any injuries or damages claimed by plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

**JURY DEMAND**

Defendants demand a jury trial.

Respectfully submitted,
*s/ SanjayPatel*
SANJAY H. PATEL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (Fax)
Atty. No. 06272840

10